886 F.2d 246
 1989-2 Trade Cases 68,772
 CITY OF LONG BEACH, as trustee for the State of California,
Plaintiff-Appellant,
v.
STANDARD OIL COMPANY OF CALIFORNIA; Texaco, Incorporated;
Exxon Corporation; Union Oil Company of
California; Mobil Oil Corporation;
Shell Oil Company,
Defendants-Appellees.
STATE OF CALIFORNIA, on behalf of itself and all political
subdivisions and special districts within the
state similarly situated, Plaintiff-Appellant,
v.
STANDARD OIL CO., et al., Defendants-Appellees.
CITY OF LONG BEACH, Plaintiff-Appellant,
v.
STANDARD OIL CO., et al., Defendants-Appellees.
In re COORDINATED PRETRIAL PROCEEDINGS IN PETROLEUM PRODUCTS
ANTITRUST LITIGATION--MDL 150.
PEOPLE OF the STATE OF CALIFORNIA; City of Long Beach, as
Trustee for the State of California, and the State
of California as Beneficiary,
Plaintiffs-Appellants,
v.
CHEVRON CORPORATION; Unocal Corporation; Mobil Oil
Corporation; Shell Oil Company; Shell California
Production, Inc.; Exxon Corporation; Exxon Company, USA;
Texaco, Inc., Defendants-Appellees.
In re COORDINATED PRETRIAL PROCEEDINGS IN THE PETROLEUM
PRODUCTS ANTITRUST LITIGATION.
CITY OF LONG BEACH, as trustee for the State of California,
and the State of California as beneficiary,
Plaintiff-Appellant,
v.
STANDARD OIL COMPANY OF CALIFORNIA, et al., Defendants-Appellees.
 Nos. 86-5859, 86-5860, 87-6300, 87-6629 and 87-6301 and 87-6628.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 22, 1989.
 
 Before SCHROEDER, FARRIS and POOLE, Circuit Judges.
 
 ORDER
 
 1
 The opinion filed April 17, 1989, Long Beach v. Standard Oil, 872 F.2d 1401 (9th Cir.1989), is amended by striking the following language at page 1407, third full paragraph, 2d col., lines 7-10: "Unlike Matsushita, this is not a case of legitimate price competition or an implausible predatory pricing scheme. Cf. 475 U.S. at 588-595 [106 S.Ct. 1348 at 1356-60, 89 L.Ed.2d 538 (1986) ]." and substituting therefor, "See Matsushita, 475 U.S. at 588-595 [106 S.Ct. at 1356-60]." With this amendment, the panel has voted to deny appellants' petitions for rehearing and to reject the suggestions for rehearing en banc.
 
 
 2
 The full court was advised of the amendment to the opinion and the suggestions for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. (Fed.R.App.P. 35.)
 
 
 3
 The opinion in 86-5859/5860 is amended as set forth above, the petitions for rehearing are denied and the suggestions for rehearing en banc are rejected.